## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **FRANK DAVIS** <br> 4717 Razor Creek Way <br> Louisville, Kentucky 40299 <br><br> PLAINTIFF, <br><br> v. <br><br> **UNIVERSITY OF LOUISVILLE** <br> 206 Grawemeyer Hall <br> Louisville, KY 40292 <br><br> SERVE: THOMAS A. HOY <br> University of Louisville <br> Grawemeyer Hall, Ste. 206 <br> 2301 S. Third St. <br> Louisville, KY 40292 <br><br> and <br><br> **UNIVERSITY OF LOUISVILLE PHYSICIANS, INC.** <br> 300 East Market Street, Suite 400 <br> Louisville, KY 40202 <br><br> SERVE: VCT SERVICES LOUISVILLE <br> 2303 River Road, Suite 301 <br> Louisville, KY 40206 <br><br> DEFENDANTS. | Civil Action No: 3:19-CV-849-JRW |

## COMPLAINT AND JURY DEMAND

Comes the Plaintiff, Frank Davis, by counsel, and for his Complaint for damages and Jury Demand against the University of Louisville and University of Louisville Physicians, Inc., states as follows:

1

## PARTIES

1. Plaintiff, Frank Davis, is and at all times pertinent hereto was a resident of Louisville, Jefferson County, Kentucky, residing at 4717 Razor Creek Way, Louisville, Kentucky 40299.

2. Defendant, University of Louisville, is and at all times pertinent hereto was an institution of higher learning and a non-profit Kentucky corporation charted by Chapter 137, Acts of 1845-6 that became subject to the laws of the Commonwealth of Kentucky generally applicable to corporations of the same category by import of subsection seventeen of Section 59 of the Constitution of the Commonwealth of Kentucky. The Defendant's principal place of business is located at 206 Grawemeyer Hall, Louisville, KY 40292 and it has identified Thomas A. Hoy, University of Louisville, Grawermeyer Hall, Suite 206, 2301 S. Third Street, Louisville, Kentucky 40292, as its registered agent for service of process

3. Upon information and belief, at all times relevant hereto, Defendant, University of Louisville Physicians, Inc., is a non-profit Kentucky corporation with its principal place of business located at 300 E. Market Street, Suite 400, Louisville, Kentucky 40202. The Defendant is presently doing business in Kentucky and has identified VCT Services Louisville, LLC, 2303 River Road, Suite 301, Louisville, Kentucky 40206, as its registered agent for service of process.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims made herein pursuant to 28 U.S.C. §1331 as this action arises under the provisions of 29 U.S.C § 621 *et seq*. (Age Discrimination in Employment Act of 1967) and 42 U.S.C.§ 2000e *et seq*. (Title VII of the Civil Rights Act of 1964, as amended).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## BACKGROUND AND FACTS

6. Plaintiff, Frank Davis, was hired on October 23, 2017, as a dual employee by the Defendants, University of Louisville and University of Louisville Physicians, Inc., and terminated on October 17, 2018.

7. Plaintiff was hired to work for the Defendants as a Certified Surgical First Assistant in the Department of Cardiovascular and Thoracic Surgery.

8. From on or about August 7, 2018 through October 17, 2018, Plaintiff was subjected to harassment due to his age, including being told by his supervisor, Director of Finance and Administration Lisa Motely, that "as we get older, we find things we used to do now more difficult." In addition, Plaintiff was accused of not possessing the skills necessary to perform the job duties required of him as an emergency on-call Surgical First Assistant due to his age.

9. On or about August 13, 2018, Plaintiff submitted an internal complaint of age discrimination to the Human Resources Department. Shortly thereafter, Plaintiff received a call from the HR department stating that Dr. Mark Slaughter would be replacing Lisa Motley as Plaintiff's supervisor.

10. Following Plaintiff's August 13, 2018 complaint to HR, no effort was made by the Defendants to address Plaintiff's complaint and failed to take appropriate action to eliminate the harassment based upon Plaintiff's age.

11. From the time of Plaintiff's complaint on August 13, 2018, until October 17, 2018, Plaintiff was shunned from conversations, assigned unfair and harsh assignments which were not

consistent with the assignments given to his coworkers, had his supervisory responsibilities removed, and was unjustly accused of poor performance.

12. On or about October 17, 2018, Defendants terminated Plaintiff's employment.

13. On August 15, 2019, Plaintiff filed a Charge of Discrimination with the EEOC regarding the age discrimination he suffered at the hands of his supervisors at University of Louisville and University of Louisville Physicians, Inc.

14. On or about August 28, 2019, the EEOC issued two letters entitled "Notice of Suit Rights" to the Plaintiff for each of the named Defendants after it concluded that it would be closing its case. Copies of these documents are attached hereto as **Exhibit "A."**

## COUNT I

### AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE KENTUCKY CIVIL RIGHTS ACT

15. Plaintiff realleges each and every allegation set forth in paragraphs one through fourteen of the Complaint as if fully set forth herein.

16. Plaintiff is over the age of 40.

17. At all times relevant hereto, Plaintiff was an outstanding employee.

18. During Plaintiff's employment with the Defendants he was treated differently than similarly situated, younger employees, on account of his age in the terms and conditions of his employment.

19. More specifically, Plaintiff was subjected to harassment and disparate treatment due to his age. Direct evidence of this bias is evidenced by a statement made by Director of Finance and Administration, Lisa Motley, to the Plaintiff that "as we get older, we find things we used to do now more difficult" during a discussion about the Plaintiff's ability to perform his job duties for the Defendants. Similarly, Plaintiff was accused by agents of the Defendants

4

of not possessing the skills necessary to perform the job duties required of him as an emergency on-call Surgical First Assistant due to his age.

20. Defendants' conduct constitutes unlawful, willful, and malicious age discrimination in violation of Plaintiff's rights under the Age Discrimination in Employment Act of 1967 hereinafter "ADEA") and the provisions of the Kentucky Civil Rights Act, KRS Chapter 344 *et seq.*(hereinafter "KCRA").

21. As a direct and proximate result of the discriminatory practices and actions of the Defendants as more fully described in this Complaint in violation of the ADEA and the KCRA, Plaintiff has suffered: (a) substantial mental anguish and emotional distress in the past and will continue to suffer substantial mental anguish and emotional distress in the future; (b) humiliation and personal indignity (past and future); (c) loss of enjoyment of life; (d) loss of employment with Defendants; (e) future employment opportunities; (f) harmful damage to his reputation as a Surgical First Assistant in the field of Cardiovascular and Thoracic Surgery; (g) lost wages and benefits in the past and future; and (i) other pecuniary and non-pecuniary losses.

22. Based upon the foregoing allegations in this Count of the Complaint, Plaintiff is entitled to the rights and remedies at law provided by the ADEA and the KCRA including, but not limited to, actual damages, compensatory damages, liquidated damages, and attorney's fees.

## **COUNT II**

## **RETALIATION IN VIOLATION OF THE ADEA**

23. Plaintiff realleges each and every allegation set forth in paragraphs one through twenty-two of the Complaint as if fully set forth herein.

24. Plaintiff engaged in an activity protected within the meaning of the ADEA when he complained of the numerous acts of discrimination based upon his age to agents and/or employees of the Defendants as more fully described in this Complaint.

25. As alleged herein, Defendants, acting by and through its officers, managing agents, and/or supervisors, illegally retaliated against Plaintiff in light of Plaintiff's complaints of age discrimination by unlawfully subjecting him to unjust scrutiny in his job performance, by removing certain supervisory responsibilities, by making false allegations of misconduct resulting in unwarranted disciplinary action against the Plaintiff, by making unwarranted and derogatory comments about the Plaintiff's ability to perform his job with the Defendants' satisfactorily, by subjecting him to different terms and conditions of employment with the Defendants when compared to other comparable employees who had not engaged in "protected activity," and by subjecting the Plaintiff to adverse employment actions up to and including the termination of his employment.

26. There is a casual connection between the Plaintiff's complaints to Defendants' management personnel regarding discrimination in the workplace based upon the Plaintiff's age and the retaliatory actions taken against the Plaintiff as more fully described in paragraph 25 and the other paragraphs of the Complaint.  Moreover, these unlawful and retaliatory actions by the Defendants' were made by the agents and/or employees of the Defendants, in part, to dissuade the Plaintiff from making future complaints regarding discrimination in the workplace to the Defendants, and would likely have dissuaded a reasonable worker from making or supporting claims of discriminatory conduct against the Defendants in the future.

27. As a direct and proximate result of the Defendants' willful, knowing, and intentional retaliation against Plaintiff as alleged in this Count of the Complaint, Plaintiff has suffered:

(a) substantial mental anguish and emotional distress in the past and will continue to suffer substantial mental anguish and emotional distress in the future; (b) humiliation and personal indignity (past and future); (c) loss of enjoyment of life; (d) loss of employment with Defendants; (e) future employment opportunities; (f) harmful damage to his reputation as a Surgical First Assistant in the field of Cardiovascular and Thoracic Surgery; (g) lost wages and benefits in the past and future; (h) liquidated damages; and (h) other pecuniary and non-pecuniary losses.

28. Based upon the foregoing allegations in this Count of the Complaint, Plaintiff is entitled to the rights and remedies at law provided by the ADEA for retaliation claims including, but not limited to, all actual damages, compensatory damages, liquidated damages, attorney's fees, and such other legal relief and/or damages as may be available and appropriate under the law.

## COUNT III

## RETALIATION IN VIOLATION OF THE KCRA—KRS 344.280

29. Plaintiff realleges each and every allegation set forth in paragraphs one through twenty-eight of the Complaint as if fully set forth herein.

30. KRS 344.280(1), makes it unlawful for a person:

    To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing under this chapter.

31. Plaintiff engaged in a protected activity within the meaning of KRS 344.280 when he opposed the discriminatory practices of the Defendants based upon his age by complaining of such discrimination in the Defendants' workplace to agents and/or employees of the Defendants as more fully described in this Complaint.

32. As alleged herein, the Defendants, acting by and through its officers, managing agents, and/or supervisors, illegally retaliated and discriminated against Plaintiff in light of Plaintiff's complaints of age discrimination by unlawfully subjecting him to unjust scrutiny in his job performance, by removing certain supervisory responsibilities, by making false allegations of misconduct resulting in unwarranted disciplinary action against the Plaintiff, by making unwarranted and derogatory comments about the Plaintiff's ability to perform his job with the Defendants' satisfactorily, by subjecting him to different terms and conditions of employment with the Defendants when compared to other comparable employees who had not engaged in "protected activity," and by subjecting the Plaintiff to adverse employment actions up to and including the termination of his employment all in violation of the provisions of KRS 344.280.

33. There is a casual connection between the Plaintiff's complaints to Defendants' management personnel regarding discrimination in the workplace based upon the Plaintiff's age and the retaliatory and discriminatory actions taken against the Plaintiff as more fully described in paragraph 32 and the other paragraphs of the Complaint. Moreover, these unlawful, discriminatory and retaliatory actions by the Defendants' were made by the agents and/or employees of the Defendants, in part, to dissuade the Plaintiff from making future complaints regarding discrimination in the workplace to the Defendants, and would likely have dissuaded a reasonable worker from making or supporting claims of discriminatory conduct against the Defendants in the future.

34. As a direct and proximate result of the Defendants' willful, knowing, and intentional retaliation against Plaintiff as alleged in this Count of the Complaint in violation of KRS 344.280, Plaintiff has suffered: (a) substantial mental anguish and emotional distress in the

past and will continue to suffer substantial mental anguish and emotional distress in the future; (b) humiliation and personal indignity (past and future); (c) loss of enjoyment of life; (d) loss of employment with Defendants; (e) future employment opportunities; (f) harmful damage to his reputation as a Surgical First Assistant in the field of Cardiovascular and Thoracic Surgery; (g) lost wages and benefits in the past and future; and (h) other non-pecuniary losses.

35. Based upon the foregoing allegations in this Count of the Complaint, Plaintiff is entitled to the rights and remedies at law provided by KRS 344.280 including, but not limited to, all actual damages, compensatory damages, attorney's fees, and such other legal relief and/or damages as may be available and appropriate under the provisions of KRS 344.280 and the other provisions of the KCRA.

**WHEREFORE**, Plaintiff, Frank Davis, demands judgment against the Defendants as follows:

(1) An award of damages against the Defendants either jointly or individually which reasonably compensates the Plaintiff for his (a) substantial mental anguish and emotional distress in the past and future; (b) humiliation and personal indignity (past and future); (c) loss of enjoyment of life; (d) loss of employment with Defendants; (e) future employment opportunities; (f) harmful damage to his reputation as a Surgical First Assistant in the field of Cardiovascular and Thoracic Surgery; (g) lost wages and benefits in the past and future; (h) liquidated damages; and (h) other pecuniary and non-pecuniary losses for the Defendants violations of the Kentucky Civil Rights Act, and/or the Age Discrimination in Employment Act of 1967 as more fully alleged in the foregoing paragraphs of the Complaint;

(2) A trial by jury;

(3) For his costs incurred herein, including a reasonable award for attorneys' fees as allowed by the provisions of the Age Discrimination in Employment Act of 1967, and/or the provisions of the Kentucky Civil Rights Act;

(4) For prejudgment and post-judgment interest as provided for by law; and,

(5) Any and all other relief to which the Plaintiff may be entitled to under federal or state law.

Respectfully Submitted,

/s/ Charles W. Miller
Charles W. Miller
cmiller@cwmassociates.com
T. Ryan Greer
rgreer@cwmassociates.com
**CHARLES W. MILLER & ASSOCIATES**
Waterfront Plaza, Suite 2104
325 West Main Street
Louisville, Kentucky 40202
P: (502) 583-2300

**COUNSEL FOR PLAINTIFF**