## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

FRANK DAVIS                                          PLAINTIFF

vs.                                    CIVIL ACTION NO. 3:19-CV-849-CRS

UNIVERSITY OF LOUISVILLE, et al.                     DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court on the motion of the Defendant, University of Louisville ("UofL"), for summary judgment. DN 37, 37-1. Plaintiff, Frank Davis ("Davis"), responded in opposition to the motion. DN 41. UofL then filed a reply. DN 42. The matter is now ripe for review.

For the reasons stated herein, UofL's motion for summary judgment will be granted.

### I. BACKGROUND

This action arises from allegations of a former dual employee of UofL and University of Louisville Physicians, Inc. ("ULP"), who claims that his employers discriminated against him based on his age and retaliated against him following complaints to UofL's Human Resources Department. DN 1 at 3-4. With regard to UofL, Davis's Complaint specifically asserts three causes of action. DN 1 at 4-9. First, he claims that UofL violated the Age Discrimination in Employment Act of 1967 ("ADEA") and the Kentucky Civil Rights Act ("KCRA") by treating him "differently than similarly situated, younger employees, on account of his age in the terms and conditions of his employment." DN 1 at 4. Second, he asserts that UofL violated the ADEA when it retaliated against him after he "complained of the numerous acts of discrimination based upon his age to agents and/or employees of the Defendants . . . ." DN 1 at 6. Lastly, he claims that UofL retaliated against him in violation of KRS 344.280. DN 1 at 7-9.

UofL now moves this Court to enter judgment as a matter of law in its favor for several reasons: (1) Davis's claims are barred by the Eleventh Amendment; (2) Davis's ADEA claims are time barred; and (3) Davis cannot prove the prima facie case for his claims. DN 37-1 at 12-23, DN 42 at 2-8. On the other hand, Davis contends that (1) UofL waived its Eleventh Amendment immunity by "participating in extensive pretrial proceedings" and (2) the record evidences a viable claim of discrimination and retaliation. DN 41 at 10-18.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In undertaking this analysis, the Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

The party moving for summary judgment bears the burden of establishing the nonexistence of any issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). A party can meet this burden by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the . . . presence of a genuine dispute." Fed. R. Civ. P. 56 (c)(1). This burden can also be met by demonstrating that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact which requires the denial of a summary judgment motion." *St. v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The non-moving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*

2

*Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### III. <u>ANALYSIS</u>

We first consider UofL's sovereign immunity argument because this legal doctrine forecloses Davis's suit if it applies. The Eleventh Amendment to the United States Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. This constitutional provision has been routinely interpreted to bar "all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)); *see also Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004) (collecting cases) ("Although the text of the Amendment refers only to suits against a State by citizens of another State, we have repeatedly held that an unconsenting State also is immune from suits by its own citizens"). There are, however, three basic exceptions to sovereign immunity: (1) Congress may abrogate sovereign immunity in the exercise of its power to enforce the Fourteenth Amendment; (2) a state may waive its sovereign immunity by consenting to be sued in federal court; and (3) sovereign immunity does not bar suits against state officials seeking only prospective injunctive relief to compel the officials to comply with federal law. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008); *see also Doe v. DeWine*, 910 F.3d 842, 848 (6th Cir. 2018)

(citing *Price v. Medicaid Dir*., 838 F.3d 739, 746 (6th Cir. 2016)) ("under the *Ex parte Young* exception, 'a federal court may, without violating the Eleventh Amendment, issue a prospective injunction against a state officer to end a continuing violation of federal law'").

"Public universities in Kentucky and their directors are state agencies and officials for Eleventh Amendment purposes." *Jackson v. Murray States Univ*., 834 F. Supp. 2d 609, 613 (W.D. Ky. 2011). UofL, as a state university, "is a stage agency cloaked with Eleventh Amendment immunity." *Graham v. Nat'l Collegiate Athletic Ass'n*, 804 F.2d 953, 960 (6th Cir. 1986) (quoting *Martin v. Univ. of Louisville*, 541 F.2d 1171, 1174 (6th Cir. 1976)). Thus, sovereign immunity bars Davis's claims under the ADEA and KCRA unless one of the traditional exceptions applies.

Sovereign immunity has not been abrogated by Congress or waived by the Commonwealth of Kentucky for the claims Davis asserts. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) ("in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals"); *Mosier v. Kentucky*, 640 F. Supp. 2d 875, 879 (E.D. Ky. 2009) ("Kentucky has not waived its immunity from suit in federal court for claims under KRS Chapter 344"); *Morris v. Murray State Univ*., No. 5:18-CV-156-TBR, 2019 WL 2569568, at *3 (W.D. Ky. June 21, 2019) (noting that the state waiver exception was unavailable because "Kentucky has not consented to waive its Eleventh Amendment immunity"). Further, the third exception to sovereign immunity does not apply considering that Davis seeks monetary rather than injunctive relief. DN 1 at 9. Therefore, Davis may not sue UofL in the pending action.

To sidestep UofL's assertion of sovereign immunity and the inapplicability of the general exceptions to his claims, Davis argues that UofL waived its immunity defense and consented to the Court's jurisdiction by participating in extensive pretrial proceedings. DN 41 at 11-13. In support of this argument, Davis relies upon a handful of opinions from other Circuit Courts of

Appeals. But the waiver standards articulated by these courts are not controlling. Nevertheless, the United States Supreme Court has acknowledged that a state may waive its immunity through its litigation conduct. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 618-24 (2002).

The "touchstone of [the] waiver doctrine is intent—the state's litigation conduct must clearly indicate the state's intent to waive its immunity." *Barachkov v. Davis*, 580 F. App'x 288, 299 (6th Cir. 2014) (citing *Lapides*, 535 U.S. at 620). "A clear intent to waive immunity may be inferred when a state's litigation conduct is inconsistent and unfair." *Id*. For example, the Sixth Circuit has found a waiver of sovereign immunity where the state engaged in discovery, moved for summary judgment on the merits, and waited to raise its immunity defense until after it received an unfavorable decision on the summary judgment motion. *See Ku v. State of Tennessee*, 322 F.3d 431, 432-35 (6th Cir. 2003). Similarly, the Sixth Circuit has recognized that the failure to raise an affirmative defense—even immunity—in a responsive pleading subjects a defendant to the possibility of finding waiver. *See Henricks v. Pickaway Corr. Inst*., 782 F.3d 744, 750-51 (6th Cir. 2015) (district court did not abuse its discretion in finding waiver when qualified immunity was not raised in responsive pleading or at all until after close of discovery); *but see Brent v. Wayne Cty. Dep't of Hum. Servs*., 901 F.3d 656, 682 (6th Cir. 2018) ("Although a state agency may waive its sovereign immunity and consent to suit by voluntarily appearing and defending against the merits of a case in federal court, we have not required an agency to make a full-throated assertion of its immunity in its initial dealings with the court to avoid waiver").

Unlike the defendants in *Henricks* or *Ku*, though, UofL did not tardily assert its immunity from suit to avoid an adverse result. UofL, in its Answer, specifically asserted sovereign immunity as an affirmative defense. DN 12 at 8, 13 at 8. Although UofL did not move to dismiss based on Federal Rule of Civil Procedure 12(b)(1) and participated in pretrial discovery, these

considerations are trivial considering that Davis was on notice of UofL's immunity defense and UofL undeniably invoked sovereign immunity as the primary argument for judgment as a matter of law in its favor before this Court ruled on the merits of the case. *See Ku*, 322 F.3d at 434 (noting that although the Court in *Lapides* adopted Justice Kennedy's rationale in *Wisconsin Department of Corrections v. Schacht,* 524 U.S. 381 (1998) regarding voluntary removal, it did not go so far as either to accept or reject his broader suggestion to treat the Eleventh Amendment immunity defense as one, like the defense of lack of personal jurisdiction, that can be permanently waived when a State fails to raise the objection at the outset of proceedings"); *Barachkov*, 580 F. App'x at 300 (finding no waiver occurred where a state entity raised the immunity defense in its answer to the complaint, but did not file a Rule 12(b)(1) motion to dismiss on sovereign immunity grounds or assert its sovereign immunity defense until its initial summary judgment reply brief); *Brent*, 901 F.3d 656, 683 (Wayne County did not waive sovereign immunity by failing to fully develop the argument that it was an arm of the State in its combined motion to dismiss/motion for summary judgment when it nonetheless "undeniably invoked its sovereign immunity in [that] initial motion"). Therefore, the Court is unpersuaded that UofL gained a litigation advantage in this case or that its conduct throughout the litigation was unfair or inconsistent.

In a last-ditch effort to salvage his suit, Davis points to the Kentucky Supreme Court's decision in *Dep't of Corrections v. Furr*, 23 S.W.3d 615 (Ky. 2000), which provides that the Kentucky General Assembly waived the Commonwealth's sovereign immunity for suits arising pursuant to KRS Chapter 344 in state courts. *Id*. at 617-18. Davis argues that "even if [UofL] did not waive its right to assert the defense of . . . sovereign immunity by extensive participation in pretrial proceedings in this case," the Court cannot dismiss his claims under the KCRA because the Commonwealth of Kentucky waived sovereign immunity for its subdivisions and agencies,

such as UofL. DN 41 at 14. But Davis's contention is without merit considering that he does not

address whether the Commonwealth consented to suit in *federal* court and his argument ignores

established precedent—the fact that the state has waived immunity from suit in its own courts is

not a waiver of Eleventh Amendment immunity in the federal courts. *See Wilson v. Kentucky*, No.

CIV.A. 5:08-238-JMH, 2008 WL 4951774, at *2 (E.D. Ky. Nov. 14, 2008); *Johns v. Supreme Ct.*

*of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985). Therefore, Davis has not made cogent or valid

arguments in his Response to demonstrate that sovereign immunity does not apply to bar his claims

against UofL.

      Accordingly, UofL's motion for summary judgment will be granted.

## IV. <u>CONCLUSION</u>

      For the reasons discussed herein, UofL's motion for summary judgment will be granted by

separate order.

August 20, 2021

**Charles R. Simpson III, Senior Judge**
**United States District Court**